

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NORMAN ABBOTT
and DINAH ABBOTT,

     Plaintiffs,

v.                           Civil Action No. 3:08cv665

SUNTRUST MORTGAGE, INC.,

     Defendants.


## MEMORANDUM OPINION

This matter is before the Court on the Defendant, SunTrust Mortgage, Inc.'s ("SunTrust"), Motion to Dismiss (Docket Number 5). Norman and Dinah Abbott,[1] filed a petition for a writ of mandamus (Docket No. 1). SunTrust's motion seeks to dismiss the petition based on the failure to state a claim on which relief can be granted, under Fed. R. Civ. P. 12(b)(6), and based on an apparent violation of Fed. R. Civ. P. 81(b), which eliminated the writ of mandamus as a form of action in federal court.

In an order dated November 17, 2008, the Court denied the portion of SunTrust's motion based on Fed. R. Civ. P. 81(b)

---

[1] The Plaintiffs appear to use the names Norman and Dinah Abbott interchangeably with the names Shapat Ahdawan Nabaya and Dinah Balance Nabaya, respectively. The Court will refer to the plaintiffs by the names with which they filed this action – Norman and Dinah Abbott.

and ordered it to submit supplemental briefing on the portion of its motion based on Fed. R. Civ. P. 12(b)(6). (Docket Number 15.)  The Court also stayed all further action in this action pending the disposition of SunTrust's Motion to Dismiss. (Docket Number 17.)  The supplemental briefing having been furnished, the Court will now address SunTrust's motion to dismiss based on Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, the motion to dismiss will be granted.

## I. FACTUAL BACKGROUND

The Abbotts have filed numerous pleadings and documents in this action as a part of, and in defense of, the petition. However, they have made very few factual allegations of any sort in support of the petition.  SunTrust has provided some factual background and documentary evidence.  From the petition and the pleadings related to the motion to dismiss it, it appears that the following facts are essentially undisputed by the parties.

On July 7, 2006, the Abbotts obtained a $359,000 loan for the purpose of purchasing property located at 3409 Eagles Roost, Richmond, Virginia ("the Property").  That loan was secured by a deed of trust on the Property, which, inter alia, provided that the trustee may foreclose on and sell the Property if the Abbotts defaulted on the loan.  SunTrust

2

explained that the Abbotts defaulted on the loan and that it thereafter foreclosed on and auctioned the Property. (Def. Supp. Br. at 1-2.)  SunTrust purchased the Property at the foreclosure sale and thereafter requested that the Abbotts vacate the Property.  (Id. at 2.) After the Abbotts refused to vacate the Property, SunTrust filed an as-yet unresolved unlawful detainer action against them in General District Court in Henrico County, Virginia.   The Abbotts' petition tends to confirm all of those facts.

On September 20, 2007, after their default on the loan but prior to the foreclosure, the Abbotts filed a voluntary bankruptcy petition in the Eastern District of Virginia.  The Bankruptcy Court ultimately dismissed the Abbotts' petition with prejudice on the basis that the Abbotts:  (1) could not furnish any evidence in support of their claims that they were without debt; (2) refused to file a confirmable plan; and (3) acted in bad faith. See In re Abbott, 2008 WL 782859, *1, 3:08CV086 (E.D.Va. 2008) (Hudson, J.).  The Bankruptcy Court also enjoined the Abbotts from filing any further petitions for 180 days. Id.  On the Abbotts' appeal, the District Court upheld the Bankruptcy Court's dismissal of the petition and the injunction. Id. at *3.

On October 14, 2008, the Abbotts filed this action contending that SunTrust has:

3

> violated IRS laws by not processing IRS
> forms1099 [sic] OID and 1040V . . .
> [v]iolated 28 USC 2041 [sic] by not
> depositing bonds forthwith to the US
> TREASURY DEPT . . . [and have] violated
> the Fair Debt Collection Practices Act
> title 15 by not complying with those laws.

(Pl. Pet. at 1-2.)   The petition does not connect these
alleged violations with the underlying relationship between
the parties, nor does the petition allege any facts that might
support the violations alleged.

For the reasons set forth in the Court's Order of
November 17, 2008, the Abbotts' petition for a writ of
mandamus will be treated as a complaint. (See Docket Number
15.)   As will be discussed below, the allegations of the
complaint appear to be entirely baseless.   The Abbotts sought
to bolster the complaint offering the following documents in
support of their claim:

- Two completed IRS tax forms (1099-OID and 1040V)
  with no apparent relevance to the underlying
  relationship between the parties (Pl. Pet. Ex. A.)

- A "promissory note" allegedly issued to SunTrust in
  the amount of $407,511.37 (Id. at Ex. B.)

- A document purporting to be a "certified promissory
  note" in the amount of $407,511.37 allegedly issued
  to SunTrust by the Abbotts in full satisfaction of
  the mortgage debt (Id. at Ex. C.)

4

- A letter from Mr. Abbott to Henry Paulson, Secretary of the Treasury demanding "set off" and requesting that he order SunTrust to release Abbott from the loan (Id. at Ex. D.)

- A document apparently prepared by the Abbotts and labeled a "Bonded Promissory Note" indicating that the Abbotts' debt should be satisfied by payments from Henry Paulson, the Secretary of the Treasury (Id. at Ex. E.)

- SunTrust's proof of claim in the earlier bankruptcy case, various correspondence between SunTrust and the Abbotts concerning the loan, the foreclosure, and the bankruptcy proceedings, and several dozen pages of largely incomprehensible self-made legal documents produced by the Abbotts (Id. at Ex. F.)

- A document, referenced in Ex. F. above, purporting to establish the two plaintiffs as "Absolute Sovereign Neutral[s] *in intinere*" who supposedly are not subject to various laws of the United States, including any that would render them a "debtor;" the document further purports that any violation of its terms should result in an award of $10 million to the Abbotts (Pl. Motion for Leave of Court to Compel

Production of Answers to Writ of Mandamus and All
Virginia Codes at Ex.)[2]

## II.   MOTION TO DISMISS

### A. Standard of Review

SunTrust has moved to dismiss the Abbotts' complaint
under Fed. R. Civ. P. 12(b)(6).   A motion to dismiss under
Rule 12(b)(6) tests the legal sufficiency of the complaint.
The court must take all factual allegations made in the
complaint as true, and draw all reasonable and favorable
inferences from those facts. Eastern Shore Markets, Inc v. JD
Associates Ltd. Partnership, 213 F.3d 175, 180 (4th Cir.
2000).   The complaint need only to contain a "short and plain
statement of the claim." Fed. R. Civ. Pro. 8(a)(2).

However, in order to survive a Rule 12(b)(6) motion, the
complaint must state the "grounds of [the Plaintiff's]
entitlement to relief [which] requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do." Bell Atlantic v. Twombly, 550
U.S. 544, 127 S.Ct. 1955, 1965 (2007) (internal quotations
omitted). The Fourth Circuit has emphasized that the complaint

---

[2] It is worth noting that this is essentially the same claim
upon which the Abbotts previously relied in the Bankruptcy
Court and which was denied both by the Bankruptcy Court and by
Judge Hudson on appeal. See Abbott, 2008 WL 782859, *1.

6

must "allege' enough facts to state a claim for relief that is
*plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298,
302 (4th Cir. 2008) (emphasis in original) (quoting Bell
Atlantic, 127 S.Ct. at 1974). A reviewing court "need not
accept as true unwarranted inferences, unreasonable
conclusions, or arguments." Id. (quoting Eastern Shore, 213
F.3d at 180).

### B. Tax Form Claims

The Abbotts' complaint contains, essentially, nothing
other than formulaic and largely incorrect recitations of
various causes of action. As discussed above, the Abbotts
appear to make three main claims in their complaint. First,
they claim that SunTrust "violated IRS laws by not processing
IRS forms1099 [sic] OID and 1040V." (Pl. Pet. at 1.) Attached
to the Abbotts' complaint is a document, Exhibit A, which
appears to be a compilation of the two mentioned IRS forms, as
completed by Norman Abbott. Internal Revenue Service ("IRS")
Form 1099 Original Issue Discount ("OID") is designed for the
reporting of taxable income resulting from the excess of an
obligation's redemption price at maturity over its issue
price. A properly issued IRS Form 1099 OID requires the
recipient to report such income as part of that year's taxable
gross income. The Abbotts have pleaded no facts indicating
that a properly issued IRS Form 1099 OID was issued to

7

SunTrust, nor that any basis existed for the issuance of such a form. (See Pl. Pet. at 1.)

Even assuming, under the liberal treatment accorded to pleadings filed by pro se plaintiffs, that such a form was properly issued to SunTrust and that SunTrust failed to submit such a form to the IRS, the Abbotts have not alleged any facts supporting a conclusion that they were damaged in any way by that failure. Furthermore, the Internal Revenue Code does not indicate that a private right of action exists for a party that was injured by a recipient's failure to file such a form. See 26 U.S.C. §§ 1272, 6049. Therefore, the Abbotts have not alleged sufficient facts to make this claim plausible on its face. See Giarratano, 521 F.3d at 302. It is, in fact, legally implausible that any recovery is even possible for this alleged violation of IRS regulations.

The Abbotts' claim concerning IRS Form 1040-V fails for similar reasons. IRS Form 1040-V is a form used to accompany a payment sent to the IRS based on moneys owed to the Government after completing a standard tax return on IRS Form 1040. It is not even, in fact, strictly necessary to send a 1040-V form to the IRS when making payment - it is only an aid to efficient processing of the payment to the IRS. As such, there is no colorable reason for the Abbotts to have sent such a form to SunTrust in the first place, much less is any claim

8

created against SunTrust for any failure to "process" any such form that the Abbotts may have sent.

    C. Bond Deposit Claim

    The next claim made by the Abbotts is that SunTrust "[v]iolated 28 USC 2041 [sic] by not depositing bonds forthwith to the US TREASURY DEPT." (Pl. Pet. at 1.)    28 U.S.C. § 2041 provides, in toto, that:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of           such           court.
>
> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

    This statute is, on its face, a command to court officers, typically clerks, that money deposited with the court be transmitted to the US Treasury Department. SunTrust is not a "court of the United states, or . . . officer[] thereof;" the statute therefore has no applicability to any action or inaction of SunTrust's. Id.    There is, quite certainly, no reasonable set of facts under which the Abbotts could assert a claim against SunTrust under this statute. See Giarratano, 521 F.3d at 302.

### D. Fair Debt Collection Practices Act Claim

The Abbotts' final claim alleges that SunTrust violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. The FDCPA was passed by Congress in an attempt to curb abusive debt collection practices on the part of lenders. The FDCPA provides for a private right of action for victims of abusive debt collection practices. 15 U.S.C. § 1692k.

However, the Abbotts have pled no facts indicating the nature of any alleged violation of the FDCPA. In fact, the Abbotts assert that SunTrust has the burden of proving that it did not violate the act. (Pl. Pet. at 2.) While the FDCPA is essentially a strict liability statute, with the defendant having the burden of proof to demonstrate lack of intent or bona fide error, the debtor still has the burden of demonstrating that some unfair practice was used in collection. See Akawaldi v. Risk Managemment Alternatives, Inc., 336 F.Supp.2d 492, 500 (D. Md. 2004). Therefore, the Abbotts have not alleged facts sufficient to sustain their FDCPA claim against SunTrust. See Giarratano, 521 F.3d at 302.

The FDCPA claim against SunTrust also suffers from a second fatal defect. The FDCPA protects debtors from abuse by "debt collectors;" the statute defines "debt collectors" as

10

> any person who uses any instrumentality of
> interstate commerce or the mails in any
> business the principal purpose of which is
> the collection of any debts, or who
> regularly collects or attempts to collect,
> directly or indirectly, debts owed or due
> or asserted to be owed or due another.

15 U.S.C. § 1692a(6). This definition expressly does not
include "any officer or employee of a creditor while, in the
name of the creditor, collecting debts for such creditor." Id.
A "creditor," for purposes of the FDCPA, is "any person who
offers or extends credit creating a debt or to whom a debt is
owed, but such term does not include any person to the extent
that he receives an assignment or transfer of a debt in
default solely for the purpose of facilitating collection of
such debt for another." Id. at § 1692(a)(4). Under these
definitions, SunTrust was unquestionably a creditor of the
Abbotts and not a debt collector. See Scott v. Wells Fargo
Home Mortg. Inc., 326 F.Supp.2d 709, 717-18 (E.D.Va. 2003),
aff'd 67 Fed. Appx. 238 (4th Cir. 2003). The Abbotts,
therefore, cannot sustain an FDCPA action against SunTrust,
and SunTrust's motion to dismiss will be granted.

### E. Leave to Amend

The Abbotts have not requested leave to amend their
complaint in the face of SunTrust's motion to dismiss under
Fed. R. Civ. P. 12(b)(6). However, the Fourth Circuit has
held that a court should normally grant plaintiffs leave to

amend if it dismisses a complaint based on Fed. R. Civ. P. 12(b)(6). <u>Ostrzenski v. Seigel</u>, 177 F.3d 245, 252-53 (4th Cir. 1999).

In this case, the Abbotts have continued the pattern of dilatory tactics, unsupported accusations, and incomprehensible filings that they began before the Bankruptcy Court in 2007 and that they continued before Judge Hudson in 2008. <u>See</u> <u>Abbott</u>, 2008 WL 782859, *1. The Abbotts also have filed at least two other entirely frivolous actions in this Court, including one, dismissed by Judge Hudson, seeking damages against two Secret Service agents for failing to accept one of Norman Abbott's self-concocted Treasury documents. (<u>See</u> Civil Action Nos. 3:07-cv-381, 3:08-cv-583.)

In this action alone, the Abbotts have made various post-complaint filings frivolously and baselessly accusing SunTrust of, <u>inter alia</u>, perjury, criminal securities fraud, violations of the Virginia state bonding code, and high treason. (<u>See</u> Pl. Motion for Leave of Court to Compel Production of Answers to Writ of Mandamus and All Virginia Codes at 1-2 (Docket Number 10); Pl. Motion for Order to Show Cause at 1-2 (Docket Number 22).) Additionally, demonstrating a lack of regard for the orders of the Court, the Abbotts filed nine "Motions" after the Court's order staying this action, including duplicative motions inappropriately seeking a default judgment and a

motion seeking $20,000,000 in damages for alleged bad faith and criminal conduct on the part of SunTrust. (Docket Numbers 19, 20, 22-26, 29.) Those motions were filed with no factual support, and contained innumerable inappropriate, inapposite, and incorrect citations to various sections of the United States and Virginia Codes.

Dismissal without leave to amend is appropriate when the court is "able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." Ostrzenski, 177 F.3d at 253. In essence, this statement by the Fourth Circuit is congruent with the rule that leave to amend may be denied when such an amendment would be futile, or when such amendment is offered in bad faith. See Foman v. Davis, 371 U.S. 178, 182, (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613-14 (4th Cir. 1980).

An amendment is futile if it "fails to satisfy the requirements of the federal rules" or if it "is clearly insufficient or frivolous on its face." U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)); Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986). The Abbotts have offered no indication to the Court, throughout several cases before it, that they intend to file any document that rises above the

13

level of frivolity.  Furthermore, the facts in the instant case as elucidated by the parties reveal no possible basis upon which the Abbotts might seek to recover from SunTrust. The problem with their complaint is no mere "formal defect" such as that contemplated by Ostrzenski - instead, the facts as presented indicate that nothing in the relationship between the Abbotts and SunTrust is even potentially actionable by the Abbotts.

Leave to amend may also be denied if an amendment is offered in bad faith or with a dilatory motive. Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987). The Abbotts blatant and consistent use of judicial procedure to harass SunTrust and delay SunTrust's recovery of its property is the very essence of bad faith. The Abbotts have given no indication that they intend to put forth a meritorious pleading instead of the frivolous and nonsensical pleadings and documents with which they have provided the Court. Hence, leave to amend appropriately can be denied on the basis of bad faith or dilatory motive as well as futility.

### III. CONCLUSION

For the foregoing reasons, SunTrust's Motion to Dismiss (Docket Number 5) is granted because the Abbotts have failed to state a claim on which relief can be granted. In view of

14

that decision, all outstanding motions filed by the Abbotts are hereby denied as moot. (Docket Numbers 10, 11, 19, 20, 22-26, 29.)      Furthermore, due to the Abbotts' continued abuse of the legal process and harassment of SunTrust, as detailed above, the dismissal will be without leave to amend.

It is so ORDERED.

_____ /s/ _____ *REP*

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: January 15, 2009