UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

NORMAN ABBOTT,
DINAH ABBOTT,

      Plaintiffs,

v.                              Civil Action No. 3:08cv665

SUNTRUST MORTGAGE, INC.,

      Defendant.

## SUNTRUST MORTGAGE, INC.'S RESPONSE TO ORDER TO PLAINTIFFS TO SHOW CAUSE

COMES NOW, Defendant SunTrust Mortgage, Inc. ("SunTrust"), by counsel, pursuant to the Order entered by the Court pursuant to Federal Rule of Civil Procedure 11(c)(3) on January 15, 2009, and states as follows.

I.     ACTIVITY OF PLAINTIFFS SINCE THE COURT'S ORDER TO SHOW CAUSE

The Abbotts' disregard for the orders of this Court continues. This Court entered an Order on January 15, 2009, requiring the Abbotts "to show cause by January 30, 2009 why sanctions should not be imposed for asserting frivolous claims, filing documents in direct contravention of an order of the Court, and for conducting this action in bad faith." Order, January 15, 2009, p. 1. The Abbotts filed nothing in response to this Order.

Previously, the Abbotts have: used judicial procedures of this Court in bad faith to harass SunTrust; filed frivolous and nonsensical pleadings and documents; filed nine "Motions" in direct contravention of the Stay of this case under an Order entered on December 12, 2008; and generally, as in prior cases in this Court and in the Bankruptcy Court, continued a "pattern of dilatory tactics, unsupported accusations, and incomprehensible filings." See Memorandum Opinion, January 15, 2009, pp. 12-14.

The Abbotts continue to send IRS forms and other bogus documents directly to SunTrust, including: a bogus "Promissory Note/Money Order," an IRS form 56, another 1040V, and another 1099-OID.[1] Copies of the forgoing, which SunTrust received from the Abbotts in January of 2009, are attached hereto as Exhibit 1.

Moreover, the Abbotts continue their vexatious and unreasonable multiplication of these proceedings. On February 4, 2009, they filed a baseless motion to vacate void judgment under Federal Rule of Civil Procedure 60(b)(4). As is typical of the Abbotts' "motions," this filing was a compilation of citations without any connection to facts or circumstances of this case. By an Order dated February 6, 2009, this Court denied the Motion as "entirely lacking in merit."

Undeterred, on February 12, 2009, the Abbots filed another motion to vacate a void judgment. Among the many baseless assertions in the latest motion, the Abbotts contend that: the Defendants have committed crimes, fraud, and perjury; and the Defendants have obligations under the Freedom of Information Act. Additionally, the Abbotts accuse this Court of "giving aid and comfort to those committing domestic violence against the U.S. Constitution." Motion to Vacate a Void Judgment, filed February 12, 2009, pp 1-2.

The Abbotts also recently attempted to file a Petition to Vacate Void Judgment in a closed case in the General District Court for Henrico County, Virginia. In that case on January 12, 2009, the court granted to SunTrust possession of the property on which SunTrust had

---

[1] This Court already dismissed claims that the Abbotts based on IRS forms 1040V and 1099-OID they allegedly sent to SunTrust. See Order and Memorandum Opinion dated January 15, 2009. The IRS form 56 is a new one from the Abbotts. The purpose of that form is to notify the IRS of the creation or termination of a fiduciary relationship. The IRS form 56 that SunTrust recently received from the Abbotts purports to make David Conners, a SunTrust employee, the fiduciary of Norman Abbott. Notably, Mr. Abbott signed the form "for David Conners" without any permission. See Exhibit 1.

foreclosed. A copy of that motion, to which a transcript of the hearing is an exhibit, is attached hereto as Exhibit 2.

II. ARGUMENT

The Abbotts' misconduct is uncontested. They have not identified any reason that this Court should refrain from sanctioning them. The only remaining matters for the Court to address are the authority this Court has to sanction the Abbotts and the sanctions the Court should impose under those authorities.

A. Sanctions are proper under Federal Rule of Civil Procedure 11 and the Inherent Authority of the Court

Pursuant to Federal Rule of Civil Procedure 11(c)(3), this Court already ordered the Abbotts to show cause why the Court should not sanction them for their conduct. The Abbotts did not respond. Regarding what sanctions are permitted, Rule 11(c)(4) states:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

A good model for the types of non-monetary sanctions that are permitted under this Rule and appropriate for use in this case is found in Washington v. Alaimo, 934 F. Supp. 1395, 1399-1401 (S.D. Ga. 1996). The court sanctioned Washington, an incarcerated *pro se* litigant, based on Rule 11 and the inherent power of the court based on numerous frivolous motions filed in multiple civil actions. Washington, like the Abbotts, failed to file a response to show cause why he should not be sanctioned.

The court enjoined Washington from filing any future civil actions in any federal district court, unless he paid the filing fee, posted a contempt bond of $1500 with the clerk of the Court, which would be returned to him, provided that his conduct in the case comported with Rule 11. The court further required that Washington provide an affidavit with any new civil action that swears he has read Rule 11 and that he will act in accord with the requirements of it. The court also required that a copy of the sanction order be attached to any complaint that Washington files. Finally, the court ordered the clerk to return any complaint received that does not meet these requirements, but to accept the fee and bond for any complaint that is in compliance. However, the clerk is to provide any complaint to the judge assigned to the case for a review to determine if it is frivolous, malicious, or intended to harass. The complaint should not be filed and service of it should not issue, unless the complaint first passes this test. See Washington v. Alaimo, 934 F. Supp. 1395, 1400-1401 (S.D. Ga. 1996).

Another model for non-monetary sanctions appropriate for consideration is set forth in In re: Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). The United States Court of Appeals for the Second Circuit affirmed certain sanctions imposed against Martin-Trigona. With respect to any future federal litigation, the court affirmed the requirements that Martin-Trigona: file with any future complaint a Motion Pursuant to Court Order Seeking Leave to File; attach a copy of the sanction order; attach an affidavit affirming that the claims are new; attach a list of every prior case that he filed against the defendants; and attach copies of the complaints from all such prior cases. In re: Martin-Trigona, 737 F.2d 1254, 1258, 1262-63 (2d Cir. 1984). With respect to any future state court litigation that Martin-Trigona might commence, the court affirmed that he must attach to state court complaints a copy of the sanction order, a list of other cases he has filed against the defendants, and copies of the complaints in those cases. Id.

The misconduct of the Abbotts is uncontested and it has continued even after entry of a show cause Order. To deter repetition, it is necessary for this Court to sanction the Abbotts under Federal Rule of Civil Procedure 11. This Court should impose requirements similar to those imposed in <u>Washington</u> and <u>Martin-Trigona</u> on the Abbotts ability to commence future state court or federal court litigation against SunTrust, former or current employees of SunTrust, or anyone else referenced in the present litigation. Additionally, the Court should enjoin the Abbotts from sending to SunTrust or those affiliated with it any additional bogus documents, including purported promissory notes or bonds, IRS forms, or other improper documents of the kinds that they have sent to SunTrust and have made exhibits to their "motions" in this case. Ordering this relief is necessary to deter repetition of the misconduct of the Abbotts in this case and it is otherwise in the interests of justice and judicial economy.

B. <u>Attorneys' fees awards against *pro se* litigants are proper under 28 U.S.C. § 1927 and should be awarded against the Abbotts</u>

This Court ordered that SunTrust address whether 28 U.S.C. § 1927 permits an award of attorneys' fees against *pro se* litigants, such as the Abbotts. Neither the United States Supreme Court nor the United States Court of Appeals for the Fourth Circuit has decided the issue. Counsel has not found any decision of any division of this Court addressing the issue. As noted by this Court, there is a split of authority among the handful of courts that have decided the issue.

There being no binding authority, the Court should apply traditional principles of statutory interpretation. The Court should begin interpretation of the statute with an analysis of the language of the statute. See <u>Landreth Timber Co. v. Landreth</u>, 471 U.S. 681, 685, 85 L. Ed. 2d 692, 105 S. Ct. 2297 (1985). Where the statutory language is plain and "the statutory scheme is coherent and consistent," no further inquiry is needed. <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S. 235, 240-41, 103 L. Ed. 2d 290, 109 S. Ct. 1026 (1989).

Thus, we begin with the language of 28 U.S.C. § 1927, which states:

> Any attorney or **<u>other person admitted to conduct cases in any court</u>** of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 [emphasis added]. The question is whether a *pro se* litigant, who is not an attorney, is in the words of the statute "admitted to conduct cases." The primary definition of the word "admit" is "permit." See Websters' Third New International Dictionary, 28 (1986); Brown v. Mitchell, 308 F. Supp.2d 682, 697 (E.D. Va. 2004) (one of several cases in which this Court has relied on a definition from Websters' Third New International Dictionary). Substituting "permitted" for "admitted" in § 1927, a court can award attorneys fees against "Any attorney or other person [permitted] to conduct cases in any court...."

Parties, such as the Abbotts in this case, are permitted to conduct cases personally under 28 U.S.C § 1654, which states:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are **permitted** to manage and conduct causes therein.

28 U.S.C § 1654 [emphasis added]. Notably, 28 U.S.C. § 1654, like 28 U.S.C § 1927, is in Part V of Title 28 of the United States Code. We find § 1654 in the Chapter of Part V that is titled "General Provisions" and § 1927 in the Chapter titled "On Procedure."

Thus, the Abbotts can be sanctioned under 28 U.S.C. § 1927, because: 28 U.S.C. § 1927 permits sanctions against those "admitted" to "conduct" cases; the word "admitted" means "permitted"; and the Abbotts were in fact "permitted" to "conduct" this case under 28 U.S.C. § 1654.

Counsel has found several cases that decide whether to impose sanctions under 28 U.S.C § 1927 against *pro se* litigants, but only one that offers significant analysis. Sassower v. Field, 973 F.2d 75, 80 (2d Cir. 1992) (followed by Balcar v. Bell and Associates, LLC, 295 F. Supp. 2d 635, 639 (N.D. W.Va. 2003). The analysis in Sassower turns on an interpretation of the word "admitted" that is contrary to the primary definition of the word. The Sassower court opined that "admitted" involves "lawyer-like credentials" and an "application" process, whereas individuals have the "right" to proceed *pro se* under 28 U.S.C. § 1654. See Sassower, 973 F.2d at 80. The primary definition of "admitted," as discussed above, is simply "permitted," which is the word used in § 1654. Accordingly, the Court should reject the Sassower interpretation, which fails to apply the plain meaning of the statutory language at issue. Moreover, the Sassower interpretation has the added policy perspective disadvantage of permitting *pro se* litigants, like the Abbotts, to conduct their cases vexatiously and unreasonably without becoming subject to sanction under § 1927.

It is beyond dispute that the Abbotts conducted this case in a manner that unreasonably and vexatiously multiplied the proceedings and, therefore, a fees award is proper against them under 28 U.S.C. § 1927. Absent the Abbotts' misconduct, SunTrust would have incurred minimal attorneys fees after entry of the December 12, 2008 Order that Stayed this case. As a direct result of the Abbotts' filings in contravention of the Stay Order and their other unreasonable and vexatious conduct that has multiplied these proceedings, SunTrust has incurred substantial attorneys' fees.

WHEREFORE, SunTrust Mortgage, Inc. requests that the Court enter an Order that: (1) requires the Abbotts to obtain leave of court before either of them files a new complaint in any federal court against SunTrust, former or current employees of SunTrust, or anyone else

referenced in the present litigation; (2) requires the Abbotts to attach to the motion requesting leave a copy of the sanction order in this case, a copy of the January 15, 2009 Memorandum Opinion in this case, a list of all prior cases of the Abbotts against the defendants in the new complaint, a copy of the complaint from each prior case, and an affidavit swearing that the Abbotts have read Federal Rule of Civil Procedure 11 and that the new complaint complies with Rule 11; (3) requires the Abbotts to submit a contempt bond to the Clerk of the federal court in which leave is sought to file a new complaint, which shall be returned to the Abbotts, if the case concludes without any sanctions being awarded against them; (4) requires the Abbotts to attach to any state court complaint that they may file against SunTrust, former or current employees of SunTrust, or anyone else involved in the present litigation, a copy of the sanction order in this case, a copy of the January 15, 2009 Memorandum Opinion in this case, a list of all prior cases of the Abbotts against the defendants in the new complaint, a copy of the complaint from each prior case against those defendants; (5) prohibits the Abbotts from sending more bogus documents to SunTrust or anyone affiliated with SunTrust, including purported promissory notes, money orders, bonds, and IRS forms, or other forms similar to those made exhibits to their "motions" and other filings in this case; (6) awards to SunTrust its attorneys' fees in this case from date of entry of the December 12, 2008 Order that Stayed the proceedings in this case; and (7) grants such other additional relief to SunTrust as the Court deems appropriate.

Respectfully submitted,

SUNTRUST MORTGAGE, INC.

By Counsel

/s/ Travis A. Sabalewski
Curtis G. Manchester (VSB No. 32696)
Travis A. Sabalewski (VSB No. 47368)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
cmanchester@reedsmith.com
tsabalewski@reedsmith.com

Counsel for SunTrust Mortgage, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February, 2009, a copy of the foregoing was served via first class mail on the following:

Norman Abbott
Dinah Abbott
P.O. Box 50364
Richmond, VA 23250
   Pro Se Plaintiffs

/s/ Travis A. Sabalewski
Curtis G. Manchester (VSB No. 32696)
Travis A. Sabalewski (VSB No. 47368)
Reed Smith LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1700
Richmond, VA 23219-4068
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
cmanchester@reedsmith.com
tsabalewski@reedsmith.com

Counsel for SunTrust Mortgage, Inc.