HENRICO GENERAL DISTRICT COURT
4301 EAST PARHAM ROAD
HENRICO, VIRGINIA 23228

Received
SunTrust Mortgage, Inc.
Legal Department
1/28/09  USM
Date Received

DAVID CONNERS, SFO, SVP, dba,
JOSE E. APONTE, ESQ.,
KAREN SMITH,
SUN TRUST MORTGAGE INC.
   Plaintiffs,

v.                           Case No. GV08032659

NORMAN ABBOTT
DINAN ABBOTT
   Defendants.

PETITION TO VACATE VOID JUDGMENT.

Comes now defendants to move this Honorable Court to vacate the void judgment entered by Judge John Marshall. Judge Marshall is disqualified from Case No. GV08032659 for being a witness and a party to a pending criminal action in said case. See criminal complaint filed and Virginia Code 1-69.23 Said judgment should be vacated for DUE PROCESS VIOLATIONS. Said judgment should be vacated for violation of Sup. Ct R. 3:20, for not honoring a writ of assistance. Said judgment should be vacated for lack of subject matter jurisdiction. The accuser never appeared in court to accuse defendants.

AUTHORITIES ON VIOD JUDGMENTS

Void judgment. One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and any place directly or collaterally. Reynolds v. Volunteer State Life Ins. Co., Tex. Civ. App. 80 S.W.2d 1087, 1092. One which from its inception is and forever continues to be absolutely

1



null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if the court that rendered judgment lack jurisdiction of subject matter, or if the parties acted in a manner inconsistent with due process. Klugh v.U.S., DCSC., 610 F Supp. 892, 901.

## FACTS SUPPORTING VOID JUDEMENT

Enclosed find copies of court records of judge witnessing: 1) plaintiff not in attendance with proof of claim and 2) criminal complaint filed on plaintiff.

ALL RIGHTS RESERVED 28 USC 2072 (a) (b)

_Norman Abbott_           _Dinah Abbott_

## CERTIFICATE OF SERVICE

We Norman Abbott and Dinah Abbott, do certify the on Jan. 26, 2009 SUNTRUST MORTGAGE INC. was served by U.S. Mail.

David Conners, SFO, SVP dba,
Jose E. Aponte, ESQ.,
Karen Smith
SUNTRUST MORTGAGE INC.
901 SEMMES AVE
RICHMOND VIRGINIA 23224

ALL RIGHTS RESERVED 28 USC 2072 (a) (b)

_Norman Abbott_           _Dinah Abbott_

2

```
 1   V I R G I N I A :

 2   IN THE GENERAL DISTRICT COURT OF THE COUNTY OF HENRICO

 3

 4   ------------------------------
                                    :
 5   SUNTRUST MORTGAGE              :
                                    :
 6      -vs-                        :
                                    :
 7   NORMAN ABBOTT                  :
     ------------------------------

 8

 9

10

11           Transcript of the above-styled matter when heard

12   on January 12, 2009, before the Honorable John Marshall,

13   Judge.

14

15

16

17

18   APPEARANCES:

19   Michael J. Champlin, Esquire, BOWEN, CHAMPLIN, CARR,
     FOREMAN & ROCKECHARLIE, 1919 Huguenot Road, Richmond,
20   Virginia  23235, counsel for the plaintiff;

21   Mr. and Mrs. Norman Abbott, pro se, the defendants,
     present in person.
22

23

24

25

                    COMILLER T. BOYD, COURT REPORTER
                             (804) 644-2581
```

```
1    January 12, 2009
2
3
4              THE COURT:  We're here on a tenure based
5    on, it looks like a foreclosure.  All right.  Has the
6    property been foreclosed on, Mr. Abbott?
7              MR. ABBOTT:  No, my property has not
8    been foreclosed on, sir.
9              NOTE:  At this point, the witnesses were
10   sworn in by the Court, whereupon the hearing proceeds,
11   viz:
12             THE COURT:  All right.  Mr. Champlin,
13   what do you want to tell me about this?
14             MR. CHAMPLIN:  Judge, I believe that the
15   papers that are attached show that, in fact, the property
16   was foreclosed on and the foreclosure deed has been
17   filed.
18             At this point, we're asking for
19   possession.  And respectfully, we say as far as this
20   particular court goes, I believe that's the extent,
21   jurisdictionalwise, that this Court has in regard to the
22   foreclosure.  The paperwork is pretty clear.
23             THE COURT:  All right.  Let me look
24   through here.  Trustee's deed is dated July 17th.
25             Mr. Abbott, I see a trustee's deed in the
```

1  file, dated July 17th. Pursuant to a foreclosure on July
2  17th at 10 a.m., the property was foreclosed on and
3  purchased by SunTrust Mortgage. And that document
4  appears to have been recorded on September 16th at 9:06
5  upstairs in the Circuit Court Clerk's Office. Are you
6  aware of that document, Mr. Abbott?
7               MR. ABBOTT:  Yes, I am aware of that.
8  Yes, sir.
9               THE COURT:  Okay.
10              MR. ABBOTT:  Sir, I had submitted an
11 application for Writ of Assistance authorized by the
12 Congress and this was heard -- entered into the courtroom
13 December 12th. Okay.
14              In this Writ of Assistance that's
15 authorized by the Congress, you're adhesiveness (ph.)
16 from the license and all that. He is an officer of the
17 court. I haven't received any response in reference to
18 this Writ of Assistance that is authorized by Congress.
19              However, the defendant, SunTrust, they did
20 receive -- I'm sure they received service. The sheriff
21 went out and served Glasser and Glasser -- I'm sorry,
22 they served SunTrust through Glasser and Glasser on
23 January -- I'm sorry, December 22nd. As of yet, I have
24 not received a response to this Writ of Assistance.
25              So, I was wondering -- you know, I'm glad

1  that we're here, sir. You know, maybe you can give me
2  some kind of explanation as to why you haven't answered
3  this Writ of Assistance that is authorized by Congress.
4      MR. CHAMPLIN: SunTrust has a right to
5  grant or not grant assistance and they've chosen not to.
6      MR. ABBOTT: Well, you say SunTrust --
7  I'm sorry. Say that again, sir.
8      MR. CHAMPLIN: SunTrust, by their
9  attorneys Glasser and Glasser, have a right to assist or
10 not to assist. It's their choice. In this case, they
11 have chosen not to.
12     MR. ABBOTT: Okay. Now when we speak of
13 Writ of Assistance, sir, we're speaking about an Act of
14 Congress in which you have to answer all of the pertinent
15 questions to this Writ of Assistance. And sir, I have
16 not received any response.
17     THE COURT: Mr. Abbott --
18     MR. ABBOTT: Yes, sir.
19     THE COURT: -- the issue in this case is a
20 simple one, at least as far as this Court is concerned.
21 You may have some issues that you want to pursue in the
22 circuit court or the federal court. But in this court,
23 the issue is a simple one.
24     On the face of the case, because there was
25 a foreclosure, SunTrust Mortgage deemed that the mortgage

1  had not been paid.
2  Unless you're going to say, which there's
3  nothing in the filing that says this -- it was a lawful
4  foreclosure conducted in front of the courthouse where
5  the property was auctioned.  It was purchased by auction
6  and the trustee that conducted the auction, conveyed the
7  property pursuant to the foreclosure procedures, to
8  SunTrust Mortgage who was the winning bidder.
9  So, at that point, they became, at least
10 by the documents before me, they are now the legal owner
11 of the property.  And therefore, they have a right to
12 have possession of their property, i.e., have anyone
13 that's still residing there, removed from the property
14 because they own it now.
15 And, you were the mortgage holder that was
16 foreclosed on.  So now, all they are asking this Court,
17 is to give them the possession that they are legally
18 entitled to, based on the foreclosure and the deed that
19 conveyed the property to them.
20 MR. ABBOTT:  Okay.  According to Virginia
21 law, sir, Glasser and Glasser had put their names --
22 basically they have fraudulently foreclosed and they
23 fraudulently have signed over my property to them.
24 According to the law, I have read in --
25 what I have read in reference to attorneys --

1           THE COURT:  If you want to challenge the
2  foreclosure, the venue for that is upstairs in the
3  Circuit Court.  That's where your deed was recorded.
4           MR. ABBOTT:  Glasser and Glasser, they
5  have been fired as trustees.  That's number one.
6           THE COURT:  Who fired them as trustee?
7           MR. ABBOTT:  I have the authority because
8  that's my property.
9           THE COURT:  No, sir.
10          MR. ABBOTT:  I understand the law, sir.
11          THE COURT:  Let me explain it to you.
12 When you sign a deed of trust with the bank, that deed of
13 trust document names trustees.  It also gives them the
14 right -- the person that owns the loan, to substitute
15 trustees.
16          You cannot, as the borrower of the
17 money, arbitrarily say I want this person to be my
18 trustee.  They don't work for you.  They work for the
19 lender.
20          MR. ABBOTT:  SunTrust has contributed no
21 equity in my property.  SunTrust cannot open up their
22 books and show me where they have given me anything.
23 That's number one.
24          THE COURT: Mr. Abbott, I don't understand
25 your rationale.  SunTrust is not supposed to give you

1  anything.  You borrowed the money from them to buy the
2  property.
3            MR. ABBOTT:  I loaned SunTrust my credit.
4  I have signed a promissory note.  There was no name of
5  SunTrust or their representatives on my promissory note.
6  That is my promissory note.
7            THE COURT:  You promised to pay SunTrust
8  which you borrowed from.  But, when you didn't, they had
9  a right to take your property back.
10           MR. ABBOTT:  No, they don't have a right
11 to take my property.
12           THE COURT:  Unfortunately, the deed of
13 trust that you signed, gave them that right.
14           MR. ABBOTT:  Also, Glasser and Glasser
15 cannot put their name -- Glasser and Glasser, they are
16 defending SunTrust.  According to Virginia law, Glasser
17 and Glasser cannot have any interest in the property when
18 they are defending their clients.
19           So, I don't understand how is it that
20 Glasser and Glasser's name is on the land records and
21 everything else, and they are going to convey my property
22 over to them which is against the law.
23           THE COURT:  Because they are a substitute
24 trustee.  Mr. Abbott, I'm not going to engage in any of
25 this with you any more.  You don't want to hear what I'm

```
 1   saying.  So, that's fine.  But, it's as simple as this.
 2              When you borrowed the money and you signed
 3   the deed of trust that gave the bank the lien on your
 4   property, the trustee was named in that document that you
 5   signed.
 6              And, by signing it, you consented to the
 7   trustee in that document, that if this money is not paid
 8   under this deed of trust, then the trustee has the right
 9   to sell the property to try to recoup the money for the
10   bank.  And then, once they've sold it, the trustee has a
11   right after the foreclosure, to convey the property to
12   whoever the winning bidder was.
13              Okay.  In this case, SunTrust Mortgage was
14   the winning bank.  Mr. Abbott, it's that simple.
15              MR. ABBOTT:  Okay.  But even if --
16   despite all of that, he still hasn't answered this Writ
17   of Assistance which this is a mandate of Congress, sir.
18   This is an Act of Congress.
19              THE COURT:  This is not the federal court,
20   Mr. Abbott.  This is a State of Virginia court.
21              MR. ABBOTT:  Sir, are you going to say
22   that --
23              THE COURT:  I'm saying this.  I'm giving
24   them judgment and immediate possession of the property.
25              MR. ABBOTT:  He doesn't have the
```

```
 1   authority.
 2              MRS. ABBOTT:  The unlawful detainer was
 3   not served properly.
 4              MR. ABBOTT:  That's right. There wasn't
 5   even --
 6              THE COURT:  Posted service in Virginia is
 7   good service.
 8              MR. ABBOTT:  Okay.  Where is the
 9   statement?  In order for them to bring action --
10              THE COURT:  Guess what?  Even if you have
11   never been served, your presence in court today makes a
12   good service.
13              MR. ABBOTT:  No, it is not because I
14   have served him with the sheriff -- he was served by way
15   of the sheriff.  And where is the --
16              THE COURT: Mr. Abbott, the case is over.
17              MR. ABBOTT:  He is supposed to have a
18   bond that is supposed to be written in my name and that
19   should be double the amount, if you want to bring any
20   action against anybody with that unlawful retainer.
21              THE COURT:  Mr. Abbott, your case is over.
22              MR. ABBOTT:  I don't have a bond for
23   double the amount, sir.
24              THE COURT:  Your case is over, Mr. Abbott.
25   They do not have to post a bond, Mr. Abbott.
```

10

1    MR. ABBOTT:    Okay.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

COMILLER T. BOYD, COURT REPORTER
(804) 644-2581

1  CERTIFICATE OF COURT REPORTER

2  I, Comiller T. Boyd, hereby certify that
3  I, having been duly sworn, was the Court Reporter in the
4  General District Court of the County of Henrico,
5  Virginia, on January 12, 2009, at the time of the hearing
6  herein.
7  I further certify that the foregoing
8  transcript is, to the best of my ability, a true and
9  accurate record of the testimony and other incidents of
10 the hearing herein.
11 Given under my hand this 20th day of
12 January, 2009.
13
14 *Comiller J. Boyd* (signature)
15 Comiller T. Boyd, Court Reporter
16 Notary Number 223816
17
18
19 My Commission Expires:
20 August 31, 2012
21
22
23
24
25

COMILLER T. BOYD, COURT REPORTER
(804) 644-2581

HENRICO GENERAL DISTRICT COURT
4301 EAST PARHAM ROAD
HENRICO, VIRGINIA 23228

DAVID CONNERS, SFO, SVP, dba,
JOSE E. APONTE, ESQ.,
KAREN SMITH,
SUN TRUST MORTGAGE INC.
    Plaintiffs,

v.       Case No. GV08032659

NORMAN ABBOTT
DINAN ABBOTT
    Defendants.

PETITION TO VACATE VOID JUDGMENT.

Comes now defendants to move this Honorable Court to vacate the void judgment entered by Judge John Marshall. Judge Marshall is disqualified from Case No. GV08032659 for being a witness and a party to a pending criminal action in said case. See criminal complaint filed and Virginia Code 1-69.23 Said judgment should be vacated for DUE PROCESS VIOLATIONS. Said judgment should be vacated for violation of Sup. Ct R. 3:20, for not honoring a writ of assistance. Said judgment should be vacated for lack of subject matter jurisdiction. The accuser never appeared in court to accuse defendants.

AUTHORITIES ON VIOD JUDGMENTS

Void judgment. One which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at any time and any place directly or collaterally. Reynolds v. Volunteer State Life Ins. Co., Tex. Civ. App. 80 S.W.2d 1087, 1092. One which from its inception is and forever continues to be absolutely

1

null, without legal efficacy, ineffectual to bind parties or support a right, of no legal force and effect whatever, and incapable of confirmation, ratification, or enforcement in any manner or to any degree. Judgment is a "void judgment" if the court that rendered judgment lack jurisdiction of subject matter, or if the parties acted in a manner inconsistent with due process. Klugh v.U.S., DCSC., 610 F Supp. 892, 901.

## FACTS SUPPORTING VOID JUDEMENT

Enclosed find copies of court records of judge witnessing: 1) plaintiff not in attendance with proof of claim and 2) criminal complaint filed on plaintiff.

ALL RIGHTS RESERVED 28 USC 2072 (a) (b)

_____     _____
Norman Abbott            Dinah Abbott


## CERTIFICATE OF SERVICE

We Norman Abbott and Dinah Abbott, do certify the on Jan. 26, 2009 SUNTRUST MORTGAGE INC. was served by U.S. Mail.

David Conners, SFO, SVP dba,
Jose E. Aponte, ESQ.,
Karen Smith
SUNTRUST MORTGAGE INC.
901 SEMMES AVE
RICHMOND VIRGINIA 23224

ALL RIGHTS RESERVED 28 USC 2072 (a) (b)

_____     _____
Norman Abbott            Dinah Abbott

2