

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NORMAN ABBOTT
and DINAH ABBOTT,

     Plaintiffs,

v.                          Civil Action No. 3:08cv665

SUNTRUST MORTGAGE, INC.,

     Defendants.

MEMORANDUM OPINION

    This matter is before the Court on the Motion for Recusal (Docket Number 44) filed by the Plaintiffs', Norman and Dinah Abbott.  The Abbotts' originally presented the request for recusal in two "Notice[s]" (Docket Numbers 41 and 42) which the Court construed as a Motion for Recusal. (Order (Docket Number 43), February 20, 2009.)  The Abbotts also have filed another document on this topic, also styled as a "Notice" (Docket Number 46), which the Court will construe as a reply to the Defendant's, Suntrust Mortgage, Inc., response in opposition. (Docket Number 45.)

    The Abbotts' efforts to secure recusal began after the Court entered an order dismissing their case with prejudice (Docket No. 32), entered an order (Docket No. 33) under Fed. R. Civ. P. 11(c)(3) requiring the Abbotts to show cause why they should not be sanctioned for filing frivolous pleadings, and entered an order (Docket No. 36) enjoining the Abbotts from appearing personally in

the Clerk's Office to file documents because of the Abbotts' abusive behavior toward deputy clerks.[1]   It was after the entry of those orders that the Abbots undertook the letter writing campaign and filed the pleadings seeking recusal.

For the reasons set forth below, the Abbotts' Motion to Recuse will be denied.

## BACKGROUND

In the two "Notices" the Abbotts accuse the Court, General District Court Judge John Marshall, and Suntrust's Karen Smith, of committing felonies. (See Notice (Docket Number 41) at 1-2; Notice (Docket Number 42) at 1.)   The Notices also reflect that the Abbotts have mailed several letters to a number of government officials, including Congressman Robert Scott, Acting United States Attorney Dana Boente, and a Special Agent of the Federal Bureau of Investigation, accusing the Court of committing a felony and asking those officials to require the Court's recusal on that basis. (See Notice (Docket Number 41) at 1-2; Notice (Docket Number 42) at 1.) While the Notices themselves are nigh-indecipherable, the Abbotts have included several exhibits that shine some light on their contentions.   For example, a letter sent to Congressman Scott

---

[1] The Abbotts were given notice of the possibility of such an injunction and an opportunity to explain why one should not be entered.   (Docket No. 30).   The Abbotts were informed that they could file documents by mail, instead.   They did not respond to the show cause order.

2

accuses the Court of violating "18 USC 4" by failing to prosecute Suntrust for perjury. (Pl. Notice (Docket Number 41) at Ex. A.) Thus, it appears that the Abbotts are accusing the Court of committing misprision of a felony and violating ethical standards by continuing to hear a case in which there is a conflict of interest grounded in the asserted failure to prosecute the perceived perjury. (See Pl. Notice (Docket Number 41), at 1-2.)

Abbott also mailed a letter, labeled as a criminal complaint, to Dana Boente, the Acting United States Attorney for the Eastern District. (Pl. Notice (Docket Number 41) at Ex. B.)  This letter is less clear about the crime thought to have been committed, but it appears that the letter to Mr. Boente is a complaint about the same conduct that is alleged as criminal in the letter to Congressman Scott.  (See id. at Exs. A and B.)  A similar letter, attached to the second notice, was also sent to "Donner Mixner" at the Federal Bureau of Investigation's ("FBI") Henrico County office. (Pl. Notice (Docket Number 42) at Ex. A.)  While no person named "Donner Mixner" appears to exist, there is a Donna Mixner who is a "Victim Specialist" working in the FBI's Victim-Witness Assistance Program. See Victim-Witness Assistance Program, http://richmond.fbi.gov/ victimwitness.htm (last visited February 26, 2009).  Suntrust has responded to the various motions, and argues that recusal is inappropriate and that the Abbotts' filing of yet more frivolous

motions further bolsters its claim for attorneys' fees.[2] (Def. Mem. at 1.)  For the reasons set forth below, the Abbotts' motions for recusal will be denied.

## II. DISCUSSION

### A. Introduction

Federal statutes provide two bases under which a judge might be required to recuse himself from a proceeding: (1) when his "impartiality might reasonably be questioned" or (2) when "he has a personal bias or prejudice concerning a party." 28 U.S.C. §§ 455(a),(b)(1).  While courts frequently collapse the two inquiries into one, they are separate and distinct bases for recusal and, therefore, must be analyzed independently. See United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998).

### B. Partiality

The standard for recusal based on partiality is supplied by 28 U.S.C. §455(a), which provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  This test is an objective one: "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (quoting In re

---

[2] The request for attorneys' fees issue is dealt with in a separate opinion.

4

Beard, 811 F.2d 818, 827 (4th Cir. 1987)) (internal quotations omitted). Mere speculation is insufficient to create a basis to force a recusal. Id. (citing DeTemple, 162 F.3d at 287). Several courts have held that threatened litigation against the judge is insufficient to necessitate recusal. See, e.g., United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977); Jones v. City of Buffalo, 867 F.Supp. 1155, 1162-63 (W.D.N.Y. 1994); United States v. Blohm, 579 F.Supp. 495, 505 (S.D.N.Y. 1983). Indeed, in an unpublished opinion, the Fourth Circuit indicated that not even a death threat would necessarily be sufficient to mandate recusal. United States v. Hairston, 38 Fed. Appx. 884, 886 (4th Cir. 2002) (unpublished).

The Abbotts' allegations do not rise to the level required to create a reasonable basis for questioning the Court's partiality. The Abbotts' criminal claims against the Court are clearly without merit. The crime of misprision of a felony requires some active act of concealment of a known felony and the intent to conceal that felony; simple failure to report a felony is insufficient. See Branzburg v. Hayes, 408 U.S. 665, 696 n.36 (1972).[3] A reasonable

---

[3] The Abbotts' underlying claim that Karen Smith of Suntrust has committed perjury is patently baseless and no reasonable person would give it credence. (See Pl. Notice (Docket Number 41) at Ex. A.) This claim is based upon the same fabricated, inoperative documents and baseless accusations as the other claims made by the Abbotts and previously dismissed. Thus, there is no objective basis on which a reasonable person would conclude that there was a felony to be reported.

person could not conclude that the assertion of such obviously meritless charges would give rise to judicial partiality within the meaning of 28 U.S.C. §455(a). See Cherry, 330 F.3d at 665.

The accusations made by the Abbotts resemble the type of conduct found insufficient to require recusal in Cordova Gonzalez v. United States, where the court found that recusal was unnecessary when the defendant had made negative comments about the presiding judge in a hearing before the legislature. See 987 F.Supp. 87, 90-91 (D.Puerto Rico 1997); see also Faegre & Belson, LLP v. Purdy, 367 F.Supp.2d 1238, 1243 (D. Minn. 2005) (publication of accusations about the presiding judge on party's website insufficient to require recusal).   In short, a virtually nonexistent possibility of criminal prosecution based on an entirely meritless accusation is an insufficient basis for recusal under 28 U.S.C. § 455(a).[4] See Hairston, 38 Fed.Appx. at 886; DeTemple, 162 F.3d at 287.

## C. Personal Bias or Prejudice

A judge must recuse himself when he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).  As noted above, 28 U.S.C. §455(a) is a catchall provision which, by its nature, overlaps with the more specific § 455(b)(1). See Liteky v.

---

[4] Were that not the case, any litigant could secure recusal of a presiding judge merely by asserting meritless charges against the judge.  There is no support in law for such an approach to recusal.

United States, 510 U.S. 540, 548 (1994).  The major analytical difference between § 455(a) and § 455(b)(1) is that the former tests for the appearance of bias or prejudice, while the latter tests for its actual presence.

The Supreme Court in Liteky took great pains to note that not all bias or prejudice is sufficient to force recusal on the basis of 28 U.S.C. § 455(b)(1) - the bias in question must be "wrongful or inappropriate." 510 U.S. at 550.  A bias is wrongful on inappropriate when it is either unfair or based on information that the judge ought not to possess. Id.  A bias stemming from an extrajudicial source may be sufficient cause for a § 455(b)(1) motion, but an extrajudicial source is not required. Id.  A judge may become "exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person" without the judge's recusal becoming mandatory. Id. at 550-51.  The party seeking recusal must show that the bias is sufficient to render it impossible for the court to conduct a fair trial. See id.

The analysis required by § 544(b)(1) does not concern itself with appearances - an actual bias must be present. See Liteky, 510 U.S. at 548.  There is no indication that the Court possesses any ill disposition toward the Abbotts nor have the Abbotts made a showing that any bias or prejudice is actually present.  As noted above, an unfounded accusation of criminal conduct is insufficient to generate an inference that such bias or prejudice is necessarily

7

present. See Hairston, 38 Fed.Appx. at 886.  Additionally, the Court has not demonstrated any conduct that creates an inference that bias is present, much less the presence of a bias that would compromise the fairness of the trial. Liteky, 510 U.S. at 555.

For the foregoing reasons, recusal under 28 U.S.C. § 544(b)(1) is inappropriate.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Abbotts' Motion to Recuse (Docket Number 44) is denied

It is so ORDERED.

_____ /s/    REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 8, 2009

8